IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**MINDY L. GREEN**                                                                                            **PLAINTIFF**

V.                                CASE NO. 3:18-cv-03056

**DR. ROY LEE, Mediquick,
Harrison, Arkansas; CITY OF
HARRISON POLICE DEPARTMENT;
and BOONE COUNTY, ARKANSAS**                          **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Mindy L. Green filed this action pursuant to 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis*. She names as Defendants Dr. Roy Lee, the Harrison Police Department, and Boone County, Arkansas.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Amended Complaint (Doc. 11), Plaintiff is a pretrial detainee being held in the Boone County Detention Center. Plaintiff alleges that on May 8, 2018, she was refused treatment for Hepatitis C "because they don't do that type of treatment at the facility." Plaintiff additionally alleges she was refused the right to see a physician about her medical condition. As relief, Plaintiff seeks compensatory damages. She also seeks a change in the Boone County Detention Center's policy.

1

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Considering these legal standards, the Court finds that several of Plaintiff's claims are subject to dismissal.

First, Plaintiff's claims against Dr. Lee are subject to dismissal. Dr. Lee is a private physician employed by Mediquick. In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*;

*see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

*Montano*, 120 F.3d at 848.

In this case, Plaintiff has alleged only that she was refused treatment because of the policy of the detention center. There is no allegation that Dr. Lee was under contract with the detention center or otherwise working with the detention center. Applying *Montano's* functional approach, there is no reason to believe Dr. Lee acted under color of state law. Perhaps more importantly, Plaintiff has also alleged she was denied the right to see a physician about her medical problem. She makes no allegation that she was actually seen by Dr. Lee.

Second, Plaintiff's claims against the Harrison Police Department are subject to dismissal. Plaintiff indicates she is incarcerated in the Boone County Detention Center and was denied treatment pursuant to its policy. There is no allegation the Harrison Police Department was involved in any way in the decision to deny Plaintiff medical treatment.

Plaintiff has also sued Boone County. The Court will add Sheriff Mike Moore as a Defendant, as a suit against him in his official capacity is the equivalent of a suit against Boone County. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

### IV. CONCLUSION

No plausible claims are stated against Dr. Roy Lee and the City of Harrison Police Department. The claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The Amended Complaint will be served on Sheriff Mike Moore.

**IT IS SO ORDERED** on this 18th day of June, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE